IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILFRED MORRISON, et al. )<br> )<br> )  **Case No. 08 CV 1150**<br> )<br> )  **Hon. Robert M. Dow**<br> )  **Magistrate Judge Schenkier**<br>Plaintiff, )<br> )  **Presented Before**<br>v. )<br> )  **Hon. Robert Gettleman**<br>MERRILL LYNCH, PIERCE, FENNER & )<br>SMITH, INCORPORATED )<br> )<br>Defendant. ) | |

**PLAINTIFF'S AGREED MOTION FOR REASSIGNMENT FOR RELATEDNESS**

Plaintiff Wilfred Morrison files this agreed motion to reassign this case pursuant to Local Rule 40.4 because it is related to a class action lawsuit pending in this District, *McReynolds et al. v. Merrill Lynch*, Plaintiff states the following in support of his agreed motion:

1. Plaintiff is a class member in the putative nationwide class action race discrimination lawsuit currently pending before Judge Gettleman in the Northern District of Illinois, *McReynolds et al. v. Merrill Lynch,* Case No. 05-cv-06583 ("*McReynolds*"). *See* Ex. A, *McReynolds v. Merrill Lynch* Second Amended Complaint. As described in the *McReynolds* Complaint, the *McReynolds* plaintiffs allege that Merrill Lynch has and is engaged in a pattern and practice of race discrimination and retaliation against its African-American employees and employs company-wide practices and policies that have a disparate impact on African-Americans. *See generally* Ex. A.

2. As set forth in the Plaintiff's Complaint, in addition to filing an individual lawsuit, Plaintiff relies on the *McReynolds v. Merrill Lynch* lawsuit to vindicate his rights. *See*

1

Ex. B, Complaint in *Morrison v. Merrill Lynch*. Plaintiff alleges that the race discrimination he suffered is consistent with and part of Defendant's nationwide, systemic discrimination against African-Americans. See generally Ex. B.

3. This case is related to *McReynolds* under two different conditions as stated in Local Rule 40.4(a), clauses (2) and (3). First, the cases involve the same issues of fact or law, as the central questions of Defendant's actions and their legal ramifications regarding the pattern and practice overlap *McReynolds*. Plaintiff is a member of the putative class in *McReynolds* and seeks to vindicate the same rights at issue in that suit. This satisfies LR 40.4(a)(2).

4. Second, the cases as pled grow out of the same transaction or occurrence, namely Defendant's alleged pattern of mistreating its African-American employees, thereby satisfying LR 40.4(a)(3).

5. Both this case and *McReynolds* are pending in this Court.

6. The handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort. The *McReynolds* parties have completed substantial class certification fact discovery in *McReynolds*, including the production of workforce data that reflects the representation, promotion and compensation rates of Defendant's employees; voluminous document discovery regarding Defendant's employment practices and their implementation; and depositions of Defendant's executives and corporate representatives regarding a number of topics. Pursuing Plaintiff's individual claims would necessarily involve duplicative discovery and motion practice and may require litigation of issues either already decided or to be decided by the Court in the *McReynolds* case. Further, if the Court certifies *McReynolds,* Plaintiff Morrison intends to remain a class member and the gravamen of his lawsuit will be resolved by the class action.

7.  Designating this case as related to *McReynolds* is not likely to delay the proceedings in *McReynolds*.

8.  Defendant does not object to the designation of this case as related to *McReynolds* and/or the transfer of this case.

WHEREFORE, in order to preserve the resources of the Court and the parties and to avoid duplicative motion practice and inconsistent rulings, Plaintiff respectfully requests that this case be reassigned to Judge Gettleman due to its relatedness to the *McReynolds v. Merrill Lynch* lawsuit pending before Judge Gettleman.

Date: April 18, 2008

Respectfully submitted,

By:

/s/ Linda D. Friedman

Mary Stowell – Attorney No. 02750015
Linda D. Friedman – Attorney No. 06190092
Suzanne E. Bish – Attorney No. 06242534
**STOWELL & FRIEDMAN**
321 S. Plymouth Court
Suite 1400
Chicago, Illinois 60604
(312) 431-0888

## **CERTIFICATE OF SERVICE**

  I, Suzanne E. Bish, an attorney, hereby certify that on April 18, 2008, I caused a true and correct copy of *Plaintiffs' Agreed Motion to for Reassignment for Relatedness* to be served via ECF on the following counsel of record:

Jeffrey S. Klein
Nicholas J. Pappas
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
phone: (212) 310-8000
fax: (212) 310-8007
jeffrey.klein@weil.com

Lori Lightfoot
Mayer Brown Rowe & Maw
71 S. Wacker Drive
Chicago, IL 60606
phone: (312) 782-0600
fax: (312) 701-7711
llightfoot@mayerbrownrowe.com


            /s/ Suzanne E. Bish


Mary Stowell - Attorney No. 02750015
Linda D. Friedman – Attorney No. 06190092
Suzanne E. Bish – Attorney No. 06242534
Stowell & Friedman, Ltd.
321 Plymouth Court, Suite 1400
Chicago, IL 60604
(312) 431-0888